## PEOPLE v. SARVIS.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

HOMICIDE—CHANGE OF VENUE—INTERLOCUTORY ORDER—APPEAL.
Code Cr. Proc. § 517, providing that an appeal to the supreme court may be taken by a defendant on conviction, except that, when the judgment is of death, the appeal must be to the court of appeals, and upon the appeal any actual decision of the court in an intermediate order may be reviewed, does not prohibit an appeal to the supreme court from an interlocutory order denying defendant, charged with murder, a change of venue, asked on the ground that he cannot secure an impartial trial.

Appeal from special term, Orange county.

Homer Lockwood Sarvis was indicted for murder in the first degree, and from an order denying motion to change the place of trial he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Henry Bacon, for appellant.

A. H. F. Seeger, for respondent.

PER CURIAM. In June, 1894, the defendant was indicted by the grand jury of Orange county for the crime of murder in the first degree. He was arrested in December, 1900, and arraigned in January, 1901, and pleaded not guilty, and the trial was then and at a subsequent term of the court postponed either on his motion or for irregularities in the return of the sheriff to an extra panel of jurors summoned. The defendant thereafter moved to change the place of trial from the county of Orange to some other county in the state on the ground that a fair and impartial trial could not be had in that county. The motion was denied, and the defendant has appealed.

At the outset is urged on the part of the learned district attorney that the order is not appealable to this court; that, if the defendant be convicted of the crime for which he has been indicted, an appeal from the judgment of conviction must, under section 517 of the Code of Criminal Procedure, be taken direct to the court of appeals, and on such appeal the order here appealed from can be reviewed, and not otherwise. We cannot agree to this conclusion. We are clearly of the opinion that an order of this character can be reviewed by this court, and that it has the power—where the defendant has been indicted for the crime of murder—to change the trial from the county in which the indictment has been found, to another county in the state, in order that a fair and impartial trial may be had before an unprejudiced jury; but there is nothing in the record before us from which it can fairly be said that such a trial cannot be had in the county of Orange. Substantially all there is to the defendant's claim that a fair and impartial trial cannot there be had are the comments of the press in that immediate section concerning the crime and the apprehension of its alleged perpetrators. No facts are stated from which it can fairly be inferred that a feeling exists against the defendant by reason of these comments which will operate to his prejudice upon the trial. And this view seems to have been entertained by defendant's counsel, at least until they ascertained that the district attorney intended to move the trial at Newburg, the place where the crime is alleged to have been committed, instead of Goshen.

The order appealed from must be affirmed.